# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA DIVISION
# GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

vs.                                          **CASE NO.1:82CR1005-MMP/AK**

**MARK WELDON CANTRELL,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's motion to vacate pursuant to § 2255. Doc. 28.

The original judgment in this case was entered in 1982. Defendant did not appeal. On December 20, 2001, Defendant filed a § 2255 motion, Doc. 20, which the Court denied, primarily, because it was grossly out of time, and alternatively, because *Apprendi* does not apply retroactively on collateral review. Docs. 24, 25, & 27. Defendant did not appeal the ruling.

On this occasion, Defendant raises three grounds for relief. In the first two, he charges that his conviction was obtained by a coerced confession and that his attorney was ineffective for failing to file a notice of appeal. Doc. 28. In the third ground, he

claims a violation of his due process right under the parole guidelines because he has not been timely afforded a hearing on a parole violation.

Defendant is clearly barred from seeking § 2255 relief at this time on the first two grounds. He was previously denied § 2255 relief and may not file a second or successive motion under § 2255 without prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2244(b)(3) & 2255. Even then, a second or successive motion will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255. Defendant has not sought or been granted leave by the appellate court to file a second or successive motion to vacate, and thus, the first two claims are plainly foreclosed from review here.

As to the third claim, § 2255 is not the appropriate avenue for relief. Instead, Defendant should file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district of incarceration to protest an alleged constitutional violation by the Parole Commission. *Fernandez v. United States*, 941 F.3d 1488 (11th Cir. 1991).

In light of the foregoing, it is respectfully **RECOMMENDED**:

That Defendant's motion to vacate pursuant to 28 U.S.C. § 2255, Doc. 28, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this   **23rd**   day of March, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**Case No.1:82cr1005-mmp/ak**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**Case No.1:82cr1005-mmp/ak**